| | |
|---|---|
| DISTRICT COURT, DENVER COUNTY, COLORADO<br><br>Denver City & County Building<br>1437 Bannock Street, Room 256<br>Denver, Colorado 80202 | EFILED Document<br>CO Denver County District Court 2nd JD<br>Filing Date: Mar 18 2010 7:20PM MDT<br>Filing ID: 30140741<br>Review Clerk: Charmaine Bright |
| **Plaintiffs:**<br><br>CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBED TO POLICY NO. 759/JC098010P; ZURICH AMERICAN INSURANCE COMPANY<br><br>**Defendants:**<br><br>WEST AMERICAN INSURANCE COMPANY, an Ohio corporation; NORTH RIVER INSURANCE COMPANY, a New Jersey corporation | ▲   **COURT USE ONLY**   ▲<br><br>Case No. 2010CV881<br><br>Division<br><br>Courtroom 5 |
| Attorneys for Plaintiffs Certain Underwriters at Lloyd's, London Who Subscribed to Policy No. 759/JC098010P and Zurich American Insurance Company:<br><br>Terence M. Ridley (Atty. Reg. #15212)<br>Habib Nasrullah (Atty. Reg. #23063)<br>Wheeler Trigg O'Donnell LLP<br>1801 California Street, Suite 3600<br>Denver, Colorado 80202<br>(303) 244-1800<br>(303) 244-1879 Facsimile<br>ridley@wtotrial.com<br>nasrullah@wtotrial.com | |
| **AMENDED COMPLAINT** ||

For their Amended Complaint against Defendants West American Insurance Company ("West American") and North River Insurance Company ("North River"), Plaintiffs Certain Underwriters at Lloyd's, London Who Subscribed to Policy No. 759/JC098010P ("Underwriters") and Zurich American Insurance Company ("Zurich") allege as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiffs Underwriters consist of persons or entities that individually and severally subscribed to Policy No. 759/JC098010P, each for his, her, or its own part and not one for the other.

2. Lloyd's, London, is a unique and complex insurance market that has been operating in London for more than 300 years.

3. Lloyd's, London, is not itself an insurer, but a market for insurance. The underwriting members of Lloyd's, the "Names," are the insurers, who underwrite insurance through groups called syndicates.

4. At all times material to this action, Underwriters were authorized to do business in, and were doing business in Colorado, including The City and County of Denver, Colorado.

5. Plaintiff Zurich is a New York corporation with its principal place of business in Schaumburg, Illinois, and is authorized to transact business in the State of Colorado.

6. At all times material to this action, Defendant West American was an Ohio corporation, with its principal place of business in Boston, Massachusetts, and was also authorized to transact business in the State of Colorado. West American is an insurance company, owned by Ohio Casualty Company, registered with the Colorado Division of Insurance in The City and County of Denver.

7. At all times material to this action, Defendant North River was a New Jersey corporation, with its principal place of business in Morristown, New Jersey and was also authorized to transact business in the State of Colorado.

8. Venue is proper in this Court under Colorado Rule of Civil Procedure 98, and the Court has jurisdiction to hear these claims.

## GENERAL ALLEGATIONS

9. This action concerns a separate lawsuit brought by Silver Mesa Homeowners Association, Inc. ("the Association") in Denver County District Court in October 2007, Case No. 2007CV9559 ("the Underlying Lawsuit").

10. The Association brought the Underlying Lawsuit against, *inter alia*, Silver Mesa at Palomino Park, LLC, Wellsford Real Properties, Inc., and Wellsford Park Highlands Corp. ("the Insureds").

11. In the Underlying Lawsuit, the Association asserted various claims against the Insureds arising out of the construction by the Insureds and others of "Silver Mesa," a 264-unit condominium community in Highlands Ranch, Colorado.

12. Zurich had issued an insurance policy (the "Zurich Policy") that provided certain coverage for the Insureds for the Underlying Lawsuit.

13. Underwriters had issued an insurance policy (the "Underwriters Policy") that provided certain coverage for the Insureds. The policy period for the Underwriters Policy is January 11, 2002 to January 11, 2012.

14. One or more of the Insureds were additional insureds under a commercial liability insurance policy issued to Tricor Construction Company and Albert Feld, by West American, Policy Number BLW 52 62 77 96, which policy also provided coverage for the Insureds related to the Underlying Lawsuit (the "West American Policy").

15. One or more of the Insureds were additional insureds under a commercial liability policy issued by North River, which policy also provided coverage for the Insureds related to the Underlying Lawsuit (the "North River Policy").

16. Pursuant to a confidential settlement agreement, Zurich and Underwriters paid a certain sum of money (the "Settlement Amount") to the Association in the Underlying Lawsuit, on behalf of the Insureds, to settle fully the Underlying Lawsuit (the "Settlement").

17. Zurich paid the attorneys' fees and costs associated with defending the Insureds from the Underlying Lawsuit (the "Defense Costs").

18. West American is obligated, by virtue of the provisions of the West American Policy, to pay a share of the Settlement Amount and the Defense Costs. Plaintiffs paid the share of the Settlement Amount that West American was obligated to pay. Zurich paid the share of the Defense Costs that West American was obligated to pay.

19. West American was timely notified of the Underlying Lawsuit but has not contributed to the Settlement, the Defense Costs, or otherwise indemnified or defended any of the Insureds.

20. North River is obligated, by virtue of the provisions of the North River Policy, to pay a share of the Settlement Amount and the Defense Costs. Plaintiffs paid the share of the Settlement Amount that North River was obligated to pay. Zurich paid the share of the Defense Costs that North River was obligated to pay.

21. North River was timely notified of the Underlying Lawsuit but has not contributed to the Settlement, the Defense Costs, or otherwise indemnified or defended any of the Insureds.

### FIRST CLAIM FOR RELIEF
**(Equitable Contribution/Indemnity Against West American)**

22. Plaintiffs hereby incorporate the above paragraphs exactly here.

23. West American owed an obligation to indemnify and defend the Insureds in the Underlying Lawsuit.

24. West American is liable to Plaintiffs for West American's share of the indemnification obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

25. West American is liable to Zurich for West American's share of the defense obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

26. Plaintiffs are entitled to equitable contribution/indemnity from West American to the extent that Plaintiffs paid West American's share of the Settlement and/or indemnification obligations, or the Defense Costs and/or defense obligations, related to the Underlying Lawsuit.

## SECOND CLAIM FOR RELIEF
### (Equitable Contribution/Indemnity Against North River)

27. Plaintiffs hereby incorporate the above paragraphs exactly here.

28. North River owed an obligation to indemnify and defend the Insureds in the Underlying Lawsuit.

29. North River is liable to Plaintiffs for North River's share of the indemnification obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

30. North River is liable to Zurich for North River's share of the defense obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

31. Plaintiffs are entitled to equitable contribution/indemnity from North River to the extent that Plaintiffs paid North River's share of the Settlement and/or indemnification obligations, or the Defense Costs and/or defense obligations, related to the Underlying Lawsuit.

## THIRD CLAIM FOR RELIEF
### (Equitable Subrogation Against West American)

32. Plaintiffs hereby incorporate the above paragraphs exactly here.

33. West American is liable to Plaintiffs for West American's share of the indemnification obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

34. West American is liable to Zurich for West American's share of the defense obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

35. Plaintiffs are entitled to equitable subrogation from West American to the extent that Plaintiffs paid more than their appropriate share of the Settlement and/or indemnification obligations, or the Defense Costs and/or defense obligations, related to the Underlying Lawsuit.

## FOURTH CLAIM FOR RELIEF
### (Equitable Subrogation Against North River)

36. Plaintiffs hereby incorporate the above paragraphs exactly here.

37. North River is liable to Plaintiffs for North River's share of the indemnification obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

38. North River is liable to Zurich for North River's share of the defense obligations associated with the claims against the Insureds asserted in the Underlying Lawsuit.

39. Plaintiffs are entitled to equitable subrogation from North River to the extent that Plaintiffs paid more than their appropriate share of the Settlement and/or indemnification obligations, or the Defense Costs and/or defense obligations, related to the Underlying Lawsuit.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment Against West American)

40. Plaintiffs hereby incorporate the above paragraphs exactly here.

41. Plaintiffs have paid substantial sums on behalf of the Insureds to settle the Underlying Lawsuit.

42. Zurich has paid substantial sums on behalf of the Insureds to defend the Insureds from the Underlying Lawsuit.

43. West American, by contrast, contributed nothing towards the Settlement or the Defense Costs, despite being obligated to do so under the West American Policy.

44. Plaintiffs, accordingly, paid the portion of the Settlement that West American was obligated to contribute under the West American Policy.

45. Zurich, further, paid the portion of the Defense Costs that West American was obligated to contribute under the West American Policy.

46. Plaintiffs' payment of the portion of the Settlement that West American was obligated to pay under the West American Policy conferred a significant benefit on West American.

47. Zurich's payment of the portion of the Defense Costs that West American was obligated to pay under the West American Policy conferred a significant benefit on West American.

48. West American knowingly and willingly accepted all such benefits.

49. West American has been unjustly enriched at the expense and detriment of Plaintiffs by wrongfully refusing or failing to pay its share of the Settlement or the Defense Costs, thereby resulting in Plaintiffs paying West American's share of the Settlement and Zurich paying West American's share of the Defense Costs.

50. As a direct and proximate result of West American's unjust enrichment, Plaintiffs have suffered injury and are entitled to reimbursement and restitution from West American of the benefit that Plaintiffs conferred on West American.

### SIXTH CLAIM FOR RELIEF
(Unjust Enrichment Against North River)

51. Plaintiffs hereby incorporate the above paragraphs exactly here.

52. Plaintiffs have paid substantial sums on behalf of the Insureds to settle the Underlying Lawsuit.

53. Zurich has paid substantial sums on behalf of the Insureds to defend the Insureds from the Underlying Lawsuit.

54. North River, by contrast, contributed nothing towards the Settlement or the Defense Costs, despite being obligated to do so under the North River Policy.

55. Plaintiffs, accordingly, paid the portion of the Settlement that North River was obligated to contribute under the North River Policy.

56. Zurich, further, paid the portion of the Defense Costs that North River was obligated to contribute under the North River Policy.

57. Plaintiffs' payment of the portion of the Settlement that North River was obligated to pay under the North River Policy conferred a significant benefit on North River.

58. Zurich's payment of the portion of the Defense Costs that North River was obligated to pay under the North River Policy conferred a significant benefit on North River.

59. North River knowingly and willingly accepted all such benefits.

60. North River has been unjustly enriched at the expense and detriment of Plaintiffs by wrongfully refusing or failing to pay its share of the Settlement or the Defense Costs, thereby resulting in Plaintiffs paying North River's share of the Settlement and Zurich paying North River's share of the Defense Costs.

61. As a direct and proximate result of North River's unjust enrichment, Plaintiffs have suffered injury and are entitled to reimbursement and restitution from North River of the benefit that Plaintiffs conferred on North River.

## SEVENTH CLAIM FOR RELIEF
### (Declaratory Judgment Against West American)

62. Plaintiffs hereby incorporate the above paragraphs exactly here.

63. There is a real, substantial and justifiable issue in controversy between the parties to this action with respect to Plaintiffs' entitlement to recover from West American the portion of the Settlement Amount and the Defense Costs that West American was obligated to pay but did not pay.

64. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time.

65. Plaintiffs request that the Court declare that West American is obligated to pay Plaintiffs the share of the Settlement Amount that West American was obligated to pay but did not pay, and that West American is obligated to pay Zurich the share of the Defense Costs that West American was obligated to pay but did not pay.

## EIGHTH CLAIM FOR RELIEF
### (Declaratory Judgment Against North River)

66. Plaintiffs hereby incorporate the above paragraphs exactly here.

67. There is a real, substantial and justifiable issue in controversy between the parties to this action with respect to Plaintiffs' entitlement to recover from North River the portion of the Settlement Amount and the Defense Costs that North River was obligated to pay but did not pay.

68. A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time.

69. Plaintiffs request that the Court declare that North River is obligated to pay Plaintiffs the share of the Settlement Amount that North River was obligated to pay but did not pay, and that North River is obligated to pay Zurich the share of the Defense Costs that North River was obligated to pay but did not pay.

**WHEREFORE**, Plaintiffs, Certain Underwriters at Lloyd's, London Who Subscribed to Policy No. 759/JC098010P and Zurich American Insurance Company, pray for judgment in their favor and against Defendants West American Insurance Company and North River Insurance Company, as follows:

A. Declare that Plaintiffs are entitled to equitable contribution, indemnification, and/or subrogation from West American.

B. Declare that Plaintiffs are entitled to equitable contribution, indemnification, and/or subrogation from North River.

    C.     Award Plaintiffs amounts owed them by West American related to the Settlement.

    D.     Award Zurich amounts owed it by West American related to the Defense Costs.

    E.     Award Plaintiffs amounts owed them by North River related to the Settlement.

    F.     Award Zurich amounts owed it by North River related to the Defense Costs.

    G.     Award Plaintiffs the amount of the benefit they conferred on West American by paying West American's portion of the Settlement.

    H.     Award Plaintiffs the amount of the benefit they conferred on North River by paying North River's portion of the Settlement.

    I.     Award Zurich the amount of the benefit it conferred on West American by paying West American's portion of the Defense Costs.

    J.     Award Zurich the amount of the benefit it conferred on North River by paying North River's portion of the Defense Costs.

    K.     Award Plaintiffs their attorneys' fees and costs to the extent permitted by law.

    L.     Award Plaintiffs pre-judgment and post-judgment interest as permitted by law.

    M.     Award such other and further relief this Court deems proper.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Dated: March 18, 2010                        Respectfully submitted,

                                                    *s/ Terence M. Ridley*
                                                    Terence M. Ridley (Atty. Reg. #15212)

                                                    Attorney for Plaintiffs

<u>Underwriters' Addresses:</u>
71 Fenchurch Street
London EC3M 4HH
United Kingdom

34 Leadenhall St.
London EC3A 1AX-UK
United Kingdom

3 Minster Court, Mincing Lane
London EC3R 7DD
United Kingdom

<u>Zurich's Address:</u>
1700 American Lane,
Schaumburg, IL 60173

991185v.1