IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 10-cv-01531-WJM-BNB

CERTAIN UNDERWRITERS AT LLOYD'S LONDON WHO SUBSCRIBED TO POLICY
NO. 759/JC098010P, and
ZURICH AMERICAN INSURANCE COMPANY,

Plaintiffs,

v.

NORTH RIVER INSURANCE COMPANY, a New Jersey corporation, and
WEST AMERICAN INSURANCE COMPANY, an Ohio corporation,

Defendants.
_____

**ORDER**
_____

This matter arises on the following:

(1)     **Defendant West American Insurance Company's Renewed Motion to Compel Responses to First Set of Interrogatories, Requests for Admission, and Requests for Production to Plaintiffs** [Doc. # 94, filed 4/20/2011] (the "First Motion to Compel");

(2)     **Defendant West American Insurance Company's Motion to Compel Responses to Second Set of Interrogatories, Requests for Admission, and Requests for Production to Plaintiff Certain Underwriters at Lloyd's London Who Subscribed to Policy No. 759/JC098010P** [Doc. # 95, filed 4/20/2011] (the "Second Motion to Compel"); and

(3)     **Defendant West American Insurance Company's Motion to Compel Responses to Second Set of Interrogatories, Requests for Admission, and Requests for Production to Plaintiff Zurich American Insurance Company** [Doc. # 96, filed 4/20/2011] (the "Third Motion to Compel").

The three motions raise disputes as to the sufficiency of answers and responses to 100 written discovery requests. I held a hearing on the motions this afternoon and made rulings on the record, which are incorporated here.

IT IS ORDERED:

1. The First Motion to Compel [Doc. # 94] is GRANTED IN PART and DENIED IN PART as stated on the record. Where, as here, I grant a motion to compel, Fed. R. Civ. P. 37(a)(5)(A) provides that I "must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees," unless the opposing party's conduct was "substantially justified" or such an award would be "unjust." In connection with the First Motion to Compel, I ruled nearly evenly, compelling further responses 40 times but denying requests to compel 29 times. Under these circumstances, it would be unjust to award attorneys fees.

2. The Second Motion to Compel [Doc. # 96] is GRANTED IN PART and DENIED IN PART as stated on the record. West American may file a motion for attorneys fees pursuant to Rule 37(a)(5)(A) to recover its attorneys fees incurred in bringing the Second Motion to Compel, if at all, on or before **May 20, 2011**. The plaintiffs shall respond to any such motion by **May 27, 2011**, and West American shall reply by **May 31, 2011**.

3. The Third Motion to Compel [Doc. # 96] is GRANTED IN PART and DENIED IN PART as stated on the record. West American may file a motion for attorneys fees pursuant to Rule 37(a)(5)(A) to recover its attorneys fees incurred in bringing the Third Motion to Compel, if at all, on or before **May 20, 2011**. The plaintiffs shall respond to any such motion by

**May 27, 2011**, and West American shall reply by **May 31, 2011**.

4. The plaintiffs, on or before **May 23, 2011**, shall make supplemental discovery responses, in full compliance with the formalities of the Federal Rules of Civil Procedure, and produce all responsive documents subject to this order.

Dated May 13, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge