**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.  10-cv-01531-WJM-BNB

CERTAIN UNDERWRITERS AT LLOYD'S, LONDON WHO SUBSCRIBED TO POLICY
NO. 759/JC098010P, and
ZURICH AMERICAN INSURANCE COMPANY,

    Plaintiffs,

v.

NORTH RIVER INSURANCE COMPANY, a New Jersey corporation,
WEST AMERICAN INSURANCE COMPANY, an Ohio corporation, and

    Defendants.

---

**STIPULATED PROTECTIVE ORDER**

---

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information that will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS HEREBY ORDERED:

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure that the Producing Party believes, in good faith, contains information that is confidential or otherwise entitled to protection under Fed.R.Civ.P. 26(a)(7).

  2. As used in this Protective Order, "document" is defined as provided in Fed.R.Civ.P. 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

  3. ~~Without admitting that the following documents or information is discoverable, documents or any information may be designated "CONFIDENTIAL" only if they contain non-public, confidential information concerning the business and affairs of the Producing Party or its insured which the Producing Party believes, in good faith, is entitled to protection under Fed.R.Civ.P. 26(s)(7). CONFIDENTIAL documents and information may include, without limitation, the following to the extent the same meet the threshold requirements set forth herein:~~

    a. ~~Non-public financial information;~~

    b. ~~Proprietary business publications, manuals or handbooks;~~

    c. ~~Proprietary actuarial information or calculations;~~

    d. ~~Client/insured or customer lists and files;~~

    e. ~~Contracts, personnel files, and personnel training techniques and materials;~~

    f. ~~All notes, analyses, compilations, studies, summaries or other material to the extent the same contains, or is based, in whole or in part, upon information that is otherwise confidential hereunder;~~

    g. ~~Information disclosed or provided to a producing party under circumstances where the producing party has agreed to treat the same as confidential or proprietary; and~~

    h. ~~Trade secrets as defined by the Colorado Trade Secret Act.~~

      4.      CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case.

      5.      CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    a. Attorneys actively working on this case;

    b. Persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    c. The parties (and the designated representatives for the entity parties) and the designated representative(s) of the parties' insurers;

    d. Expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings in this case;

    e. The Court and its employees ("Court Personnel");

    f. Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

    g. Deponents, witnesses, or potential witnesses; and

    h. Other persons by written agreement of the parties.

6. Prior to disclosing any CONFIDENTIAL information to any person listed above (other than counsel, persons employed by counsel, Court Personnel and stenographic reporters or with respect to documents presented to deponents and/or witnesses for the first time at trial or other formal court proceedings or depositions) counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions (Exhibit A). All such acknowledgments shall be retained by counsel and shall be subject to an *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

7. Documents are designated CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with the legibility) the following or other appropriate notice: "CONFIDENTIAL."

8. Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as "CONFIDENTIAL" and shall be subject to the provisions of this Protective Order. Such designations shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

9. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.

The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the designating party fails to file such a motion within the proscribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

10. Documents and/or materials produced in the litigation that are not identified as CONFIDENTIAL information when they were initially produced may within a reasonable time thereafter be designated as CONFIDENTIAL by the party or non-party producing the document, by providing written notice to counsel for all other parties and to any non-party who may be involved with regard to said documents.  Each party or non-party who receives such written notice shall endeavor to retrieve any CONFIDENTIAL information that may have been disseminated, shall affix a "CONFIDENTIAL" designation to it, and shall thereafter distribute it only as allowed by

this Stipulation. No distribution prior to the receipt of such written notice shall be deemed a violation of this Stipulated Protective Order.

11. The filing of CONFIDENTIAL information with the Court shall be governed by D.C.COLO.LCivR 7.2.

12. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming destruction.

13. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated July 26, 2011.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the District of Colorado in the civil action captioned *Certain Underwriters, etc., et al. v. North River Insurance Company, etc., et al.*, Civil Action No. 10-cv-01531-WJM-BNB.

I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the District of Colorado for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____
_____
                                                                          Signature

_____
                                                                          Print Name